IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORAY C. CHRISTIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00850-JD |
| ) | |
| KEVIN STITT, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Before the Court is a Report and Recommendation ("R. & R.") [Doc. No. 14] issued by United States Magistrate Judge Amanda L. Maxfield on August 19, 2025, recommending that Plaintiff Deloray C. Christian's ("Plaintiff") Complaint [Doc. No. 6] be dismissed. For the reasons outlined below, the Court adopts the R. & R.

The Court referred Plaintiff's Complaint to Judge Maxfield under 28 U.S.C. § 636(b)(1)(B), (C). [Doc. Nos. 4, 12]. Upon screening, Judge Maxfield recommended that the Court (1) dismiss with prejudice Plaintiff's claims for damages against the individual defendants in their official capacities and all aspects of the claims against the Oklahoma Department of Corrections ("ODOC"); (2) dismiss with prejudice Plaintiff's claims against Defendants Wendell Miles and Mike McDougal and related supervisory liability claims because they are untimely filed; and (3) dismiss without prejudice Plaintiff's remaining claims for failure to state a claim on which relief may be granted. [Doc. No. 14 at 21].

Judge Maxfield advised Plaintiff that the deadline to file an objection to the R. &

R. was September 9, 2025, and that Plaintiff's failure to timely object would waive his right to appellate review of the factual and legal issues in the R. & R. [*Id.* (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)]. Plaintiff timely requested an extension of time to file an objection to the R. & R. [*See* Doc. No. 16 at 2]. The Court granted the request in part and extended the deadline for the Plaintiff to file his objections to the R. & R. until October 3, 2025. [Doc. No. 17].[1] Despite that extension of time, and despite the additional passage of time, Plaintiff has not filed an objection to the R. & R. or requested a further extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore*, 950 F.2d at 659. This rule "provides that the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require

---

[1] The Court further explained that should Plaintiff seek additional time, he must make a proper showing of good cause under Federal Rule of Civil Procedure 6(b) and file his request well in advance of the deadline. [Doc. No. 17 at 2].

2

review, which include "[1] a pro se litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Plaintiff did not object to the R. & R., and neither exception to the firm waiver rule applies. Judge Maxfield advised Plaintiff of the time period for objecting and the consequences of failing to timely object. [*See* Doc. No. 14 at 21]. Plaintiff was aware of the deadlines or received notice of the deadlines. [*See* Doc. No. 16 at 1 (acknowledging the original deadline to object to the R. & R.); 9/12/2025 Staff Notes reflecting order granting extension of time to object [Doc. No. 17] was mailed to Plaintiff]. The interests of justice do not require review, as Plaintiff has not explained his effort to comply or his lack of objection. Alternatively, although the Court is not required to review the record and law *de novo*, it has done so and determines that the R. & R. should be adopted in full.

The Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 14] in its entirety. Accordingly, the Court DISMISSES with prejudice Plaintiff's claims for damages against the individual defendants in their official capacities and all aspects of the claims against the ODOC; the Court DISMISSES with prejudice Plaintiff's claims against Defendants Miles and McDougal and related supervisory liability claims because they are untimely filed; and DISMISSES without prejudice the remaining claims for failure to state a claim on which relief may be granted.

IT IS SO ORDERED this 21st day of November 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE